Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| LUIS GUSTAVO ALMODÓVAR RIVERA<br><br>Recurrido<br><br>V.<br><br>IRMA E. CASIANO SANTIAGO<br><br>Peticionaria | KLCE202401276 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Germán<br><br>Civil Núm.: SG2019CV00230<br><br>Sala:0200<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

**Brignoni Mártir, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 23 de enero de 2025.

Comparece ante nos, por derecho propio, la licenciada Irma E. Casiano Santiago (en adelante, "la peticionaria"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 23 de septiembre de 2024 y notificada el 27 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Germán. Mediante el referido dictamen, el foro primario declaró *No ha Lugar* la "*Moción en Solicitud de Anulación, Paralización de Ejecución de Sentencia y Otros Extremos*," presentada por la peticionaria. En consecuencia, ordenó la continuación de los procedimientos sobre ejecución de sentencia. Todo, dentro de un pleito sobre desahucio en precario, entablado por Luis Gustavo Almodóvar Rivera, (en lo sucesivo, "el recurrido").

Por los fundamentos que expondremos a continuación, *denegamos* el recurso presentado.

**I.**

La controversia que hoy nos ocupa tiene su génesis en la "*Demanda*" presentada por el recurrido en la fecha de 12 de abril de 2019. En esencia, sostuvo que era dueño de una propiedad sita en el Municipio de San Germán, la cual era habitada de forma precaria por la peticionaria. A tenor de ello, aseveró que la aludida peticionaria no tenía derecho alguno a su favor que le permitiera poseer la referida propiedad. En virtud de lo anterior, solicitó que se le ordenara a la peticionaria desalojar la propiedad.

En respuesta, el 25 de junio de 2019, la peticionaria presentó, por derecho propio, una "*Contestación a la Demanda, Moción sobre Desestimación y otros Remedios.*"[1] En lo pertinente a la alegación responsiva, negó las alegaciones principales de la "*Demanda.*" A su vez, aseveró que tenía derecho a residir en la propiedad en controversia, dado que se trata de un bien ganancial de la Comunidad de bienes Post-Ganancial compuesta por el recurrido y ella. Ante ello, entre otras cosas, peticionó al foro recurrido que desestimara la "*Demanda,*" y le impusiera a dicho recurrido el pago de costas, gastos y honorarios de abogado.

Tras varias incidencias procesales que no son necesarias de pormenorizar, el 15 de noviembre de 2019, el foro recurrido celebró la vista en su fondo del caso de epígrafe. Surge de la "*Minuta*" notificada el 22 de noviembre de 2019, que las partes llegaron a un acuerdo en el que la peticionaria aceptó desalojar la propiedad en controversia en un término de sesenta (60) días. Luego de escuchar la voluntariedad de las partes al respecto, el foro recurrido determinó que dictaría la sentencia correspondiente.[2]

---

[1] En la vista celebrada el 17 de julio de 2019, la peticionaria anunció la abogada que ejercería su representación legal en el caso de epígrafe. El foro recurrido aceptó dicha representación.

[2] El 13 de diciembre de 2019, la peticionaria, por derecho propio, presentó escrito intitulado "*Comparecencia Especial Urgente Informativa y Solicitud al Honorable Tribunal.*" Mediante esta, sostuvo que el peticionario había desconectado el servicio de energía eléctrica de la propiedad, durante el término en que ella aun residía en el inmueble en controversia. Ante ello, solicitó al foro primario que encontrara al recurrido incurso en desacato y le sancionara. En atención de lo anterior, el 20 de diciembre de 2019, el referido foro notificó una "*Resolución*" en la que le indicó a la peticionaria que debía comparecer mediante su representación legal.

Así las cosas, el 20 de diciembre de 2019, el foro recurrido notificó una "*Sentencia por Transacción.*" Mediante esta, aprobó la estipulación transaccional acordada entre las partes. En consecuencia, le concedió a la peticionaria un término de sesenta (60) días a vencer el 15 de enero de 2020 para que desalojara la propiedad.

Acto seguido, el 24 de diciembre de 2019, la representación legal de la peticionaria presentó "*Moción en Solicitud de Relevo de Representación legal.*" Indicó, que había culminado su labor en el presente caso, por lo que solicitaba que se le concediera el relevo de representación legal peticionado. Posteriormente, el 24 de enero de 2020, el foro recurrido notificó una "*Resolución,*" a través de la cual concedió el aludido relevo de representación legal. La referida "*Resolución*" fue notificada a la peticionaria en la misma fecha de 24 de enero de 2020.

El 7 de febrero de 2020, el recurrido presentó "*Urgente Moción Solicitando Ejecución de Sentencia.*" En síntesis, adujo que la peticionaria había incumplido con la "*Sentencia por Transacción,*" dado que no había desalojado la propiedad en el término establecido para ello. Por lo cual, solicitó al foro recurrido que ejecutara el desahucio de la peticionaria mediante la intervención del Alguacil General.

En respuesta, el 12 de febrero de 2020, el foro recurrido notificó una "*Orden.*" Mediante esta, le concedió a la peticionaria un término de diez (10) días para que mostrara causa por el alegado incumplimiento. En reacción, el 21 de febrero de 2020, la peticionaria por derecho propio, presentó "*Moción en Cumplimiento de Orden.*" En síntesis, expuso que el recurrido había incumplido con la estipulación transaccional acordada, toda vez que, obstaculizó su uso de la propiedad antes de que venciera el término concedido para desalojarla. Ante ello, entre otras cosas, peticionó que se le ordenara al recurrido el pago de los gastos en los que ella tuvo que incurrir al éste incumplir con lo estipulado. Así pues, el 6 de marzo de 2020, el foro recurrido notificó una "*Orden*" a través de la cual concedió diez (10) días al recurrido para expresarse al respecto.

Posteriormente, el 22 de agosto de 2024, el recurrido nuevamente presentó una "*Moción Solicitando Ejecución de Sentencia.*" En apretada síntesis, aseveró que la peticionaria aún no había cumplido con desalojar la propiedad en controversia. En virtud de lo cual, solicitó que se ordenara el desahucio de la peticionaria.

En oposición, el 28 de agosto de 2024, la peticionaria presentó "*Moción en Solicitud de Anulación, Paralización de Ejecución de Sentencia y Otros Extremos.*" En esencia, alegó que el consentimiento que prestó en el acuerdo de transacción fue uno viciado. Fundamentó su posición, bajo el argumento de que el recurrido obró de mala fe al dejar la propiedad sin los servicios de agua y luz, durante el término que a ella le fue concedido para gestionar el desalojo de la propiedad. Además, reiteró que tenía un interés propietario sobre el inmueble en controversia por ser uno de naturaleza ganancial. Al amparo de lo expuesto, solicitó que se paralizara la ejecución de sentencia.[3]

Evaluados los argumentos de ambas partes, el 27 de septiembre de 2024, el foro recurrido notificó la "*Resolución*" que hoy nos ocupa. Mediante esta, determinó en lo atinente lo siguiente:

> Evaluada la totalidad del expediente, la situación actual del caso ante nos y el ordenamiento jurídico vigente, se declara *No Ha Lugar* la moción presentada por la parte demandada de epígrafe y se ordena la continuación de los procedimientos sobre ejecución de sentencia. Sentencia que advino final y firme, que ya es inap[e]lable y constituye la ley del caso.

En desacuerdo, el 12 de octubre de 2024, la peticionaria oportunamente presentó "*Reconsideración*" de la referida "*Resolución.*" A través de dicha solicitud, planteó, entre otras cosas, que la "*Resolución*" notificada el 20 de diciembre de 2019, no le fue notificada a ella sino a su

---

[3] **Cabe destacar que, en fecha anterior, el 10 de marzo de 2023, la peticionaria instó una Demanda bajo el número de caso SG2021CV00138. Mediante esta, solicitó el relevo de la "*Sentencia por Transacción*," emitida en el presente caso. Sustentó su proceder, bajo el argumento de que la "*Sentencia por Transacción*" era nula. A tenor de ello, esgrimió similarmente que el recurrido había actuado con dolo y mala fe, y que fue intencional la desconexión de los servicios de energía eléctrica. Luego de evaluados los referidos argumentos, el 23 agosto de 2023, el foro primario declaró *No Ha Lugar* la Demanda. Ante ello, la peticionaria recurrió ante esta Curia mediante un recurso de *certiorari.* Así pues, un panel hermano acogió el recurso como una apelación, y dictó "*Sentencia,*" bajo el caso KLCE202301144, en la que se confirmó el dictamen del foro primario.**

abogada. A su vez, alegó que la representante legal que le asistía en el proceso no le notificó de la "*Moción en Solicitud de Relevo de Representación legal,*" la cual fue aceptada por el TPI luego de dictada la sentencia en el caso. Al evaluar la aludida "*Reconsideración,*" el foro recurrido la declaró *No Ha Lugar*, con fecha de notificación de 22 de octubre de 2024.

Aun en desacuerdo, el 22 de noviembre de 2024,[4] la peticionaria compareció ante nos, mediante un recurso de *certiorari.* A través de este, esbozó los siguientes señalamientos de error:

> Erró el TPI al dictar Sentencia contra la peticionaria privándola de observar las garantías mínimas de todo proceso adjudicativo y de adecuada notificación en violación al debido proceso de ley procesal.

> Erró el TPI al no dar por admitidas las alegaciones de la peticionaria ante la falta de oposición del peticionado a las mociones del 13 de diciembre de 2019 y 21 de enero de 2020.

> Erró el TPI [al] ordenar la Ejecución de Sentencia sin la debida notificación a la peticionaria de la Resolución del 19 de diciembre de 2019 y privarla de la notificación de Sentencia dictada el 19 de diciembre de 2019.

El 2 de enero de 2025, el recurrido presentó su "*Oposición al Recurso de Certiorari.*" Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

***Certiorari***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar

---

[4] Antes del recurso presentarse ante esta Curia, fue presentado por la peticionaria, el 20 de noviembre de 2024, en la Secretaría del tribunal recurrido. Luego de ello, conforme estable la Regla 33 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, presentó el referido recurso ante nos dentro de las cuarenta y ocho (48) horas establecidas para ello.

sus méritos". Íd. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari*. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. Íd.; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra,* dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G**. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Id.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *Id*, pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**III.**

Tras evaluar el presente auto de *certiorari,* conforme a las disposiciones de la Regla 40, *supra*, concluimos que el referido recurso no reúne los criterios necesarios para inclinarnos a intervenir en sus méritos. La decisión recurrida, no desprende un error de derecho ni el foro a quo actuó con prejuicio o parcialidad. Por lo cual, en virtud de la sana discreción que nos ha sido conferida para evaluar este tipo de recursos, concluimos denegar su expedición.

**IV.**

Por los fundamentos expuestos, *denegamos* el recurso de epígrafe de conformidad con lo establecido en la Regla 40, *supra*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones